R. H. BEAL v. WESTERN UNION TELEGRAPH COMPANY.

(Filed 2 November, 1910.)

1. Telegraphs—Mental Anguish—Damages—Notice to Company— Nominal Damages.

Plaintiff while at work near G. was injured and caused a telegram to be delivered to the defendant telegraph company at G. a message to be transmitted and delivered to his father at V. reading, "Come at once. Bob hurt very bad." The plaintiff ("Bob") was immediately taken to S., and sues the defendant for damages for mental anguish for the non-delivery of the message alleged to have arisen from the consequent failure of his father to meet him at S. The father, the plaintiff's witness, testified that had he received the telegram from G. he would not have gone to S.

*Held,* the plaintiff failed to show that his father would have gone to S. and can only recover nominal damages, the cost of the message.

## 2. Same.

In an action to recover for mental anguish against a telegraph company for its failure to deliver a message plaintiff caused to be filed with its agent at G. to be transmitted and delivered to plaintiff's father at V., telling him to "come at once. Bob (plaintiff) hurt very bad," plaintiff's testimony was to the effect that the message was to have been sent to his father telling him to come there. The plaintiff sues because his father did not meet him at S. *Held,* (1) the plaintiff should have definitely telegraphed his father to go to S.; (2) the plaintiff's evidence showing that he intended the message to be sent as written, he cannot fix liability on the defendant on the theory that the defendant knew he expected his father to meet him at S.

APPEAL from *Lyon, J.,* at the February Term, 1910, of CHATHAM.

Civil action to recover damages for failure to deliver a tele-gram.

The following is a copy of the telegram as set out in the complaint:

Aug. 22, 1907.

J. W. Beal, Gulf, N. C.

Come at once. Bob hurt very bad.

A. B. Jenkins,
Vass, N. C.

The telegram it is admitted was not delivered to the sendee, and this action is brought to recover damages for alleged mental anguish. These issues were submitted to the jury:

1. Did plaintiff, within sixty days after he had learned that the message had not been delivered, present to the defendant company a claim, in writing, for damages for the alleged failure to deliver said message? Answer: Yes.

2. Did the defendant, at the time of accepting said message for transmission, have notice that it was intended that the sendee (J. W. Beal) was to proceed to Sanford for the purpose of meeting the plaintiff at Sanford? Answer: Yes.

3. Did the defendant negligently fail to deliver the message sent by A. B. Jenkins to J. W. Beal? Answer: Yes.

4. What damage, if any, is plaintiff entitled to recover? Answer: Five hundred dollars.

From the judgment rendered the defendant appealed.

*R. H. Dixon, Hayes & Bynum* for plaintiff.
*P. H. Busbee* and *W. H. Pace* for defendant.

BROWN, J.  The plaintiff lived with his father, the sendee in the telegram, at Gulf, N. C., but on 22 August, 1907, was residing near Lake View, Moore County, N. C., working in a saw mill, where on the above date he was seriously and painfully injured, about 8 A. M., and taken to the station at Lake View at once and carried to Sanford, reaching there about 2 P. M.

The telegram in question was sent at the request of plaintiff by his friend A. B. Jenkins from Vass, one mile from Lake View, and the nearest telegraph office. The telegram was written down by Taylor, the operator at Vass, at the request of Jenkins, who paid the twenty-five cents therefor.

The alleged grievance and ground for mental suffering is that plaintiff failed to meet his father at Sanford on arrival.

J. W. Beal, the father to whom the message was addressed, testified that if he had received the telegram in question sent from Vass he would have gone to Sanford. He would not have expected to meet his son there.

This fact, coming from plaintiff's own witness, the sendee of the telegram, will prevent a recovery of anything more than nominal damages, the price of the message.

It was incumbent upon the plaintiff to show that upon receipt of the telegram the sendee could and would come. He has proved just the contrary. *Bright v. Telegraph Co.*, 132 N. C., 325-326; *Hancock v. Telegraph Co.*, 137 N. C., 498; *Kernodle v. Telegraph Co.*, 141 N. C., 436.

But plaintiff endeavors to avoid this by an amendment to the complaint that the defendant company had notice that it was the purpose of plaintiff to go to Sanford, and that he desired to meet his father there, and in that view we presume the second issue was submitted.

If that was the purpose, then Jenkins should have definitely telegraphed the father to proceed to Sanford. But the telegram was worded and sent in accord with plaintiff's own instructions to Jenkins, as testified to by the latter, who says: "Just before I left the mill, where the accident was, he said, 'See that my father knows this, and get him *here* as quick as you can.'"

The plaintiff in his own testimony says that the instruction he gave Jenkins was to send a message to his father and inform him of the accident. Plaintiff does not claim in his evidence that he instructed Jenkins to wire his father to meet him anywhere.

In the complaint, which is verified by the oath of the plaintiff, he avers that he procured his friend to send a telegram to his father in words and figures like the one which is the basis of this action.

It was the failure to deliver that telegram, which plaintiff alleges is the telegram his friend caused to be sent for him, that was the cause of his father's failure to meet him.

We think under the well-settled decisions of this Court the plaintiff is entitled to recover nominal damages only, viz., the cost of the message.

Error.